Probate Court of Tuscarawas County.

IN RE ESTATE OF IDA A. GUTHRIE.

Decided April 6, 1931.

*J. C. Mitchell,* for the exceptor.

*W. B. Stevens,* for the administrator.

LAMNECK, J.

Ida A. Guthrie died testate on May 22nd, 1929, leaving her husband, S. P. Guthrie, surviving, who was possessed of some property. R. K. Furbay of Uhrichsville, Ohio, was appointed to administer her estate, and as such administrator he voluntarily paid the funeral expenses of Mrs. Guthrie amounting to $550.50, for which he took credit in his first partial account filed in this court on June 12th, 1930, which was duly approved. The arrangements for the funeral were made by Mr. Furbay, because he was acting as the guardian of Mrs. Guthrie immediately preceding her death. The husband took no action in the way of employing an undertaker. Under the provisions of Section 10654, the appraisers set off to the surviving husband $28.00 worth of household goods and $472.00 in money as his statutory exemption of personal property not deemed assets of the estate of his wife. The administrator refused to pay to the surviving husband the $472.00 set off by the appraisers, and when he filed his final account the surviving husband filed exceptions thereto. In explanation

of his action, the administrator claims that the husband, by his election to take under the provisions of the will of his wife, waived his right to this statutory exemption, and if that stand is not well taken, he is entitled to recoup the estate out of any property in his hands belonging to the husband for the funeral expenses paid out of the estate.

Section 10654 of the General Code provides that "when a person dies leaving a * * * widower * * * the following property shall not be deemed assets or administered as such but must be included and stated in the inventory of the estate: (1) household goods, live stock, tools and utensils to be selected by such * * * widower * * * not exceeding $500.00 in value, or, if there be no such personal property, then $500.00 in money. Provided, however, if such personal property be of less value than $500.00, then such * * * widower * * * shall receive such sum of money in addition to the personal property as shall equal the difference between the value of such personal property and $500.00."

That part of the decedent's will which is pertinent to the issue here presented reads as follows:

"I give and devise to my husband, S. P. Guthrie, one-fourth of all my property, the same to be in full of his interest in my estate and in lieu of his right to any part thereof."

The widower elected to take under this provision of the will.

One of the questions raised by the administrator is whether the husband is entitled to the set-off as provided for in Section 10654 of the General Code, in view of the provision made for him in the will. Section 10572 of the General Code, insofar as it relates to this case, provides that when a widower elects to take under the will of his deceased wife, he shall be barred of dower and the distributive share of her personal estate, but it does not bar his right to remain in the mansion house for one year, unless the will expressly otherwise directs. There is no mention of the statutory set-off. It is admitted, how-

ever that the wife could bar her husband from this statutory allowance by making a provision in her will in lieu thereof, but such provision must be expressly stated.

Do the words "in full of his interest in my estate" include this statutory allowance? This question has never before been directly decided in any reported cases. The most favorable construction to the estate that could be placed on this section would be that this set-off is a debt of the estate. If that assumption is correct, then the set-off would be placed in the same category as the provision made for a widow for a year's support out of her husband's estate under Sections 10656 and 10657 of the General Code. In interpreting these sections, the courts have uniformly held that a widow is not barred of her right to a year's support by taking under the will containing provisions for her expressed "to be in lieu of dower and all other claims on the estate." This interpretation has been followed in the cases of *Spangler* v. *Dukes,* 39 O. S., 642, *Collier* v. *Collier,* 3 O. S., 369, and in *Watts* v. *Watts,* 38 O. S., 491. The court is of the opinion, however, that this set-off is not a debt of the estate for the reason that the statute expressly provides that this allowance shall not be deemed assets of the estate. Immediately upon the death of the wife, the husband became the sole owner of $500.00 worth of his wife's personal property ahead of all creditors, and it is a right which he can demand, unless he waived it by taking under his wife's will. Since it is not an interest in his wife's estate nor a debt of the estate, but his absolute property, a provision made in full of his interest in the estate could not be broad enough to include this allowance.

Taking up the second explanation of the administrator, it is well settled in Ohio that both the estate and husband of a deceased wife are separately liable for her funeral expenses. One furnishing services and incurring expense for the wife's burial has the election to proceed either against the surviving husband or the deceased wife's estate to recover for such services and expenses without exhausting his rights against the other. *Humphrey et al* v. *Huff,* 3 O. A. R. at page 113. And this is true notwithstanding that the deceased wife's will provides that

her funeral expenses shall be paid out of her estate. *Lee* v. *Hempy,* 31 O. L. R., 246.

If the executor or administrator voluntarily pays such expense he will be given credit in his account, although the husband survives and is able to pay. *McClellan* v. *Filson,* 44 Ohio St., 184. But if the husband is the administrator or executor he is not entitled to take such credit, *Lee* v. *Hempy,* 31 O. L. R., 246, unless he is without means to pay. *Thornton* v. *Houck,* 32 O. L. R., 56.

When both husband and wife are possessed of ample estates, and the husband pays out of his own funds the funeral expenses of the wife, he is not entitled to reimbursement from her estate. *Phillips* v. *Tolerton,* 9 N. P. (N. S.), 565, 82 Ohio St., 403. He has no right of indemnity or contribution under the weight of authority, although the contrary was decided in *Clawson* v. *Briggs,* 16 O. C. C. (N. S.), 225, where it was held that he had a right to recover them from the administrator or executor. That he will have such right after January 1, 1932, has been definitely settled, because under the new Probate Code, which becomes effective on that date, it is provided in Section 10509-125, that a husband is entitled to reimbursement from the estate of his wife for her funeral expenses, if paid by him, to the extent that the rights of other creditors of the estate will not be prejudiced by such reimbursement. And since the wife's estate and the husband are both primarily liable for such expenses, and since the husband is not now entitled to reimbursement from the estate, it would likewise follow that the estate is not entitled to reimbursement from the husband. When either pays, no more has been done than to discharge a duty enjoined by law. Section 10714 of the General Code makes the estate liable, and Section 7997 of the General Code makes the husband liable.

In the case of *McClellan* v. *Filson,* 44 Ohio St., *supra,* the Supreme Court of this state at page 190, held that the funeral expenses of a deceased wife is a debt of the wife as well as of the husband, and it is not inequitable to allow her estate to bear the burden, though that does serve to exonerate him.

We must therefore hold that where the executor or administrator voluntarily or under process pays the funeral expenses of a deceased wife out of her estate, the estate is not entitled to reimbursement from her husband.

Having these views, the court will sustain the exceptions filed to the account, and the administrator is hereby ordered to pay to the widower the sum of $472 before making general distribution of the assets in his hands.

Common Pleas Court of Montgomery County.

THE DELSKAMP PAINT & GLASS CO. V. LEO A. STOTTER, ET AL.

Decided March 13, 1931.

*A. W. Schulman,* for Edgemont Coal and Cement Co.
*Burkhart, Heald & Pickrel,* and *Sigler & Denlinger,* for Miami Savings & Loan Co.

SNEDIKER, J.

This case is now before the court on the exceptions of the Edgemont Coal & Cement Company to the report and supplemental report of the special master commissioner.